429 P.2d 818

**INTERMOUNTAIN ASSOCIATION OF
CREDIT MEN, Plaintiff
and Respondent,**

v.

**F. C. WATTERSON and Rolphe Griffiths,
f/d/b/a Silver Creek General Store, a part-
nership, Defendants and Appellants.**

No. 10760.

Supreme Court of Utah.

June 30, 1967.

Quentin L. Alston, Salt Lake City, for appellants.

Hendriksen & Murdock, Salt Lake City, for respondent.

HENRIOD; Justice:

Appeal from a judgment against Watterson on the basis that he was a partner with his son-in-law Griffiths in a Picabo, Idaho, general store. Reversed, with costs to Watterson.

Salt Lake Hardware and Barwick Company sued Watterson and Griffiths *in Idaho* and obtained a judgment against both in that State, for goods sold and delivered. Hardware and Barwick assigned their claims, which then were merged in the judgment, to Intermountain. Intermountain then sued on the Idaho judgment, in the Utah courts. Someone questioned the validity of the Idaho judgment and Intermountain, for some reason, conceded its invalidity. So far as this record is concerned,

the Idaho courts have not so loosely claimed such irresponsibility.

Idaho was the forum chosen by the assignors. Their assignee cannot change that forum, or the subject matter in order to seek a new forum and a different theory of action to serve its own ends.

The assignee sued on an Idaho judgment. By conceding its invalidity after it asserted its validity, it cannot now say I didn't mean what I said. After conceding the invalidity of the Idaho judgment, which it cannot do unless the Idaho courts agree, this court will recognize the Idaho judgment, and in our opinion, Intermountain best should go back to Idaho and pursue its remedies there.

Much has been said about res judicata in this case—not because of the Idaho judgment, but because of a dismissal in *this* State's court of an action on the Idaho judgment followed by a substitute action.

This whole thing is based on merchandise delivered in Idaho by Utah merchants who chose their judicial arena to collect in Idaho. By some sort of legerdemainical assignation they prefer to start all over again in Utah to collect for the same goods from the same people. We prefer to respect the judgment of our sister state and not the stipulations of counsel who, having sought her jurisdiction, conveniently now are willing to attest to her illegitimacy.

CALLISTER, J., concurs.

TUCKETT, J., concurs in the result.

ELLETT, Justice (dissenting):

I dissent and do so upon the ground that the full faith and credit required by Article IV, Section 1, of the Constitution of the United States only requires a state to give the same force and effect to the judgment of a sister state as it would to its own judgments. When a court has no jurisdiction of a person to render a judgment, that judgment is void and may be collaterally attacked in the state where it was rendered or in any other state. See 49 C.J.S. Judgments § 421, p. 827; 50 C.J.S. Judgments § 889e.

In this particular case plaintiff's assignor sued the defendants and got a judgment against them in Idaho. The case was assigned to plaintiff, who first brought suit on the Idaho judgment in Utah, and then becoming convinced that the judgment was invalid by reason of lack of jurisdiction over the defendants, plaintiff brought an action upon the original debt. The trial judge dismissed the first action brought on the Idaho judgment with prejudice, and upon the trial of the issues in the second action rendered judgment against defendants, who appeal to this court and now claim that a dismissal of the action based on the Idaho judgment is res judicata.

In the action based on the Idaho judgment, proof could have been offered showing that the Idaho court had no jurisdiction

of the defendants to render the judgment in that state. However, since the parties stipulated that such was the fact, no proof was required, and the judgment in Idaho would be a nullity and would have no force and effect in Utah or elsewhere. Therefore, a dismissal of the action based upon the Idaho judgment would not be res judicata because neither the plaintiff nor its assignor has ever had a chance to have its claim determined except in the instant action.

I would, therefore, affirm the trial court and award plaintiff its costs herein.

CROCKETT, C. J., concurs in the dissenting opinion of ELLETT, J.